IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CEAIRA REED, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED )<br><br>Plaintiff(s), )<br><br>V. )<br><br>POLEKATZ GENTLEMEN'S CLUB, LLC, STEPHEN H. DABROWSKI, SHANE FULTS, JEFFREY MIKE, FRANK LAPORT )<br><br>Defendants. | CASE NO. 1:19-cv-05382<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COLLECTIVE ACTION COMPLAINT & JURY DEMAND

### I. SUMMARY

1. Defendant Polekatz Gentlemen's Club, LLC, d/b/a Polekatz Gentlemen's Club, Stephen H. Dabrowski, Shane Fults, Jeffrey Mike, and Frank Laport (hereafter "Defendants") required and/or permitted Ceaira Reed and others similarly situated (individually "Plaintiff" or when referring to the collective "Plaintiffs") to work as exotic dancers at their adult entertainment club but refused to compensate them at the applicable minimum wage. In fact, Defendants refused to compensate Plaintiffs whatsoever for any hours worked. Plaintiffs' only compensation was in the form of tips from club patrons and even some of those tips were illegally confiscated by the club.

2. Defendants also violated the FLSA by failing to pay time and a half to their employees when they worked more than 40 hours a week.

3. Defendants took money from Plaintiffs in the form of "house fees" or "rent". Plaintiffs were also required to divide tips with Defendants' managers and employees who do not customarily receive tips.

4. Defendants misclassify dancers, including Plaintiffs, as independent contractors so that they do not have to compensate them minimum wages and overtime.

5. Defendants' practice of failing to pay employees wages violates the FLSA's minimum wage and overtime provisions, and Defendants' practice of charging house fees and dividing tips also violates Federal Law because for at least one workweek in the relevant statutory period, these practices caused Plaintiffs to be paid below the minimum wage.

6. Defendants owe Plaintiffs minimum wages, overtime, house fee charges, tips, liquidated damages, attorney's fees, and costs.

## II. SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged.

## III. PARTIES AND PERSONAL JURISDICTION

9. Plaintiff Ceaira Reed is an individual who resides in Cook County. Her consent to this action is attached as Exhibit A.

10. Polekatz Gentlemen's Club, LLC d/b/a Polekatz Gentlemen's Club, is an Illinois limited liability company. This Defendant may be served with process by serving its registered agent Lavelle Law, Ltd. at 1933 N. Meachem Rd. Ste, 600, Schaumberg, IL, 60173.

11. Stephen H. Dabrowski is the owner of Polekatz Gentlemen's Club and a member of Polekatz Gentlemen's Club, LLC. He may be served with process at the office of the registered agent for the LLC, 1933 N. Meachem Rd. Ste, 600, Schaumberg, IL, 60173, or at the club itself: 7337 W 100th Pl, Bridgeview, IL 60455.

12. Shane Fults is a manager of the club. He may be served with process at the office of the registered agent for the LLC, 1933 N. Meachem Rd. Ste, 600, Schaumberg, IL, 60173, or at the club itself: 7337 W 100th Pl, Bridgeview, IL 60455.

13. Jeffrey Mike is a manager of the club. He may be served with process at the office of the registered agent for the LLC, 1933 N. Meachem Rd. Ste, 600, Schaumberg, IL, 60173, or at the club itself: 7337 W 100th Pl, Bridgeview, IL 60455.

14. Frank Laport is a manager of the club. He may be served with process at the office of the registered agent for the LLC, 1933 N. Meachem Rd. Ste, 600, Schaumberg, IL, 60173, or at the club itself: 7337 W 100th Pl, Bridgeview, IL 60455.

15. Opt-In Plaintiffs are those who are similarly situated to Plaintiffs and who will file a valid opt in consent to join this action after notice of the collective action.

16. This Court has personal jurisdiction over Defendants because Defendants purposefully availed themselves of the privileges of conducting activities in the State of Illinois and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

17. Defendants have and continue to have systematic contacts with the State of Illinois sufficient to establish general jurisdiction over them. Specifically, Defendants conduct and/or conducted business in Illinois by operating a very successful club near Chicago. Defendants also employ workers and contract with residents and businesses in Illinois.

18. This cause of action arose from or relates to the contacts of Defendants with Illinois residents, thereby conferring specific jurisdiction over Defendants.

### IV.     FLSA COVERAGE

19. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

20. The Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

21. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

22. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of $500,000.

23. The individuals named in this Complaint are employers under the FLSA because they have 1) the power to hire and fire the dancers and other employees, 2) supervise and control employee work schedules or conditions of employment, 3) determine the rate and method of payment, and 4) are responsible for maintaining employment records.

24. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## V. FACTS

25. Defendants operate a successful adult entertainment club in Chicago, Illinois, called the Polekatz Gentlemen's Club.

26. Defendants employ exotic dancers and have employed hundreds of dancers over the years.

27. Plaintiff was previously employed as exotic dancers at Defendants' adult entertainment club during the last three years.

28. Plaintiff worked on a regular basis for Defendants' gentlemen's establishment.

29. Plaintiff worked at the club from May 2016 until June 18, 2019.

30. Plaintiff worked approximately 9 hours per shift and worked at least 5 shifts per week; this was her full-time job during the relevant statutory period.

31. Plaintiff never received any wages during her employment with the club.

32. As an illustrative example, during the first workweek Plaintiff worked in September 2016, she was not paid the federal minimum wage of $7.25 an hour. This happened to her from the beginning to the end of her employment at Polekatz.

33. At no time during her employment when she worked over 40 hours in a workweek was Plaintiff paid overtime wages, as alleged, she was not even paid minimum wages.

34. On at least one occasion during the statutory period of work, Plaintiff Reed left the club with negative earnings, that is, she made less than what she paid to dance at the club.

35. Plaintiff was classified by Defendants as an independent contractor who "leased" the premises and therefore actually paid the club to dance at the club.

36. Plaintiff was compensated exclusively via tips from Defendants' customers. That is, Defendants did not pay her whatsoever for any hours worked at the establishment.

37. Defendants also required Plaintiff to share her tips with other non-service employees who do not customarily receive tips, including club managers, the disc jockeys, and the "house moms."

38. Plaintiff and Class Members did in fact frequently work more than forty (40) hours per workweek without receiving compensation at one- and one-half times their regular rate.

39. Defendants illegally classified Plaintiffs as independent contractors. However, at all times, Plaintiffs were employees of Defendants.

40. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the dancers.

41. The following non-exhaustive list further demonstrates the dancers' status as employees:

    a. Defendants forced Reed and class members to pay a house fees to dance in the club, usually $75;

    b. Defendants created an incentive to arrive early, the "rental" house fee went up every hour and the house fees were extravagant during peak hours;

    c. Plaintiffs did not have a choice about the house fees, if they did not pay, they could not dance;

    d. Defendants made the decision not to pay wages or overtime;

    e. Defendants provided Plaintiffs with music, poles, stages, and extensive lighting, and the Plaintiffs simply showed up and danced;

    f. Defendants mandated that Plaintiffs pay managers, DJs, and house moms; they threatened or terminated dancers that did not "tip out" after a shift;

    g. Defendants signed in and signed out dancers and kept track of their time;

    h. Defendants required dancers to pay a fine if they desired to leave before the

  end of their shift;

i. Defendants set the prices for private dances, and the champagne room without any input from the dancers;

j. Defendants forced Plaintiffs to spend a minimum of 4-6 songs on the main stage and the satellite stage during a shift;

k. Defendants made the dancers wait until the customers exited the club to leave;

l. Defendants hired and fired all employees of the club – the dancers, DJ's, bouncers, managers, and others;

m. Plaintiffs worked for Defendants for several months up to several years;

n. Plaintiffs constituted an integral part of the workforce without whom Defendants could not remain in business;

o. Plaintiffs' services were integrated into Defendants' operations, i.e. Plaintiffs (along with the other dancers) were the reason customers came to the club;

42. Plaintiffs are not exempt from the minimum wage requirements under the FLSA.

43. Defendants' method of paying Plaintiffs was in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

44. Defendants misclassified Plaintiffs with the sole intent to avoid paying them in accordance to the FLSA. There are multiple federal court opinions finding that this method of compensation is in violation of the FLSA, and therefore, Defendants' conduct is willful.

## VI.  CAUSES OF ACTION

**COUNT I: FAILURE TO PAY MINIMUM WAGE AND WAGES DUE (COLLECTIVE ACTION)**

45. Plaintiff Reed incorporates all allegations contained in the foregoing paragraphs.

46. Defendants' practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206.

47. Defendants unlawfully charged Plaintiff rent to dance and took tips and wages from her in violation of the Fair Labor Standard Act's minimum wage provision.

48. Because they paid no wages, Defendants violated the law.

49. Additionally, Defendants took tips and wages from Plaintiff and Class Members unlawfully. This violates the FLSA and the Department of Labor Regulations because it caused each Plaintiff to earn less than the minimum wage during at least one workweek in each Plaintiff's statute of limitations period.

50. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required rates are applicable to the Defendants or the Plaintiffs.

## COUNT II: FAILURE TO PAY OVERTIME (COLLECTIVE ACTION)

51. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

52. This count arises from Defendants' violation of the FLSA for its failure to pay Plaintiff and Class Members overtime based on the FLSA's time and a half formula.

53. For each hour worked in excess of forty (40) each week, Plaintiff and Class Members were entitled to be paid one and one-half times their regular rates of pay. 29 U.S.C. § 207.

54. By failing to pay overtime based on that formula, Defendants have violated and continue to violate the FLSA.

55. No exemption contained in the FLSA, its implementing regulations, or recognized by any court of the United States permits an employer in Defendants' position to skirt its obligation to pay overtime to an employee situated in the position of the Plaintiff and Class Members.

56. Defendants' failure to pay overtime to Plaintiff and Class Members, in violation of the FLSA was willful and not based on a good faith belief that their conduct did not violate the FLSA.

57. As such, the foregoing conduct, as alleged, constitutes a willful violation within the meaning of the FLSA. 29 U.S.C. § 255(a).

## VII. COLLECTIVE AND CLASS ALLEGATIONS

**A. FLSA Class Members**

58. Plaintiff brings this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as exotic dancers at any time during the three years prior to the commencement of this action to present.

59. Plaintiff has actual knowledge that FLSA Class Members have also been denied pay at the federally mandated minimum wage rate and for overtime hours worked at time and half of their regular rate of pay.

60. Plaintiff worked with other dancers who worked at Polekatz Gentlemen's Club. As such, Plaintiff has first-hand personal knowledge of the same pay violations at the Club for other dancers.

61. Furthermore, other exotic dancers at Defendants' establishment have shared with Plaintiff Reed similar pay violation experiences including wage and tip confiscations, as those described in this complaint.

62. FLSA Class Members perform or have performed the same or similar work as Plaintiff.

63. FLSA Class Members are not exempt from receiving pay at the federally mandated minimum wage rate or the proper overtime rate under the FLSA.

64. As such, FLSA Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of minimum wage and overtime.

65. Defendants' failure to pay for hours worked at the minimum wage rate and the

lawful overtime rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

66. The experiences of Plaintiff, with respect to her pay, are typical of the experiences of the FLSA Class Members.

67. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

68. All FLSA Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate and the overtime rate under the FLSA.

69. Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

70. As such, Plaintiff bring her FLSA minimum wage claims as a collective action on behalf of the following class:

> **All of Defendants' current and former exotic dancers who worked for Defendants at any time starting three years before this lawsuit was filed up to the present.**

## VIII. DAMAGES SOUGHT

71. Plaintiffs are entitled to recover compensation for the hours they worked for which they were not paid at the mandated minimum wage rate.

72. Plaintiffs are entitled to recover compensation for the hours they worked for which they were not paid overtime.

73. Plaintiffs are also entitled to all of the misappropriated funds, including "rental fees", tips taken from them via forced tip outs, and any additional wages owed.

74. Plaintiffs are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

75. Plaintiffs are entitled to recover attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

For these reasons, Plaintiff, on behalf of herself and others similarly situated, respectfully requests that judgment be entered in her favor awarding the following relief: all unpaid wages at the FLSA mandated minimum wage rate; all unpaid overtime; all misappropriated money; an equal amount of wages as liquidated damages as allowed under the FLSA; prejudgment and post-judgment interest on unpaid back wages under the FLSA; reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; such other and further relief to which Plaintiffs may be entitled, at law or in equity.

Respectfully submitted,
KENNEDY HODGES, L.L.P.

By: /s/ Galvin Kennedy
Galvin B. Kennedy
N.D. Ill. Fed. Bar. No. 00796870
gkennedy@kennedyhodges.com
4409 Montrose Blvd., Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFFS